THOMAS H. PERKINS & another, Executors, *vs.* MICHAEL HAYS & others.

A testator bequeathed an annuity to his widow, to be paid to her, clear of all charges and deductions whatever, during her life; or, in case of her incapacity, at any time, by sickness or otherwise, to receive it, to any person lawfully appointed to represent her; or, in default of such appointment, to be applied by his executors to her support, and the support and education of his minor children. *Held,* that the widow had no power to alienate any part of the annuity by anticipation.

BILL OF INTERPLEADER, and to obtain the instructions of the court as to the disposition of an annuity given to Mrs. Eliza G. Doane by the will of her first husband, James Perkins, of which the plaintiffs were the surviving executors, and charged with the execution of the trusts therein declared. The defendants were Mrs. Doane and her husband, Bishop Doane, Michael Hays, and Edward N. Perkins and other children of James Perkins. The case was submitted to the decision of the court upon the following statement of facts:

The will of James Perkins contained the following provisions: "Item Second: I give to my wife, Eliza Greene Perkins, the yearly sum of six thousand dollars, to be paid to her quarter-yearly, commencing from my decease, and to continue during her natural life; and I do hereby authorize and direct my executors to retain in their hands, for the purpose of paying said an-

nuity, so much of my estate, either in money or stocks, as, being invested and managed in the manner hereinafter directed, will produce the yearly income of six thousand dollars, after paying all charges; I do further authorize and direct my executors, as soon as practicable after my decease, to pay and transfer the said principal sum to the Massachusetts Hospital Life Insurance Company, to be by them holden in trust and managed upon the principles of annuities in trust, upon the trusts, for the uses and upon the limitations following, and no other, that is to say," (among others,) " that the said company shall, at their own risk and loss, if any, and without any diminution or deduction from the said principal sum, yearly and every year during the natural life of my said wife, pay or cause to be paid to her, or upon her separate order, in equal quarterly payments, the net sum of six thousand dollars clear of all charges and deductions whatsoever; " " and in case of the incapacity of said annuitant, through sickness or any other cause, to receive herself or upon her separate order, at any time during her life, the quarterly payments aforesaid, the said company shall pay or cause to be paid the same quarterly payments to any person or persons lawfully appointed to represent my said wife for the purpose of receiving the same; and in default of any person or persons lawfully appointed thereto, the said company shall pay or cause to be paid the same quarterly payments to my executors hereinafter named, the survivors and survivor of them, to be by them applied to the support and maintenance of my said wife, and to the support, maintenance and education of my children under the age of twenty one years; and in case of the death of my said wife during the minority of any of my said children, the said company shall still hold the said capital sum, with all the accumulations thereon, upon the further trusts and for the uses and under the limitations following, and no other, that is to say, the said company shall hold, manage and dispose of the said capital sum in the manner hereinbefore provided, until such time as my children then living shall all have attained the age of twenty one years; and the said company shall pay or cause to be paid so much of the annual interest and income of the said principal sum as shall be

called for by the legal guardian or guardians of my child or chil-dren under that age, provided the amount so called for shall not exceed the proportion due to such child or children, to such legal guardian or guardians, in equal quarterly payments, to be applied to the support and maintenance and education of such minor child or children, until he, she or they shall attain the age of twenty one years."

" Item Last: If my personal estate, together with my real estate not herein specifically devised, from any cause whatever should prove insufficient to pay my just debts and all the pecuniary legacies herein bequeathed, I do hereby declare it to be my meaning and intention, and do hereby order, that so much of my estate as shall be sufficient to produce the income of six thousand dollars annually shall be retained and invested by my executors in the manner aforesaid, and the whole of said amount, without any deduction whatsoever, shall be paid over to my said wife, the said Eliza Greene Perkins, in such manner as is hereinbefore directed, and that all other pecuniary legatees shall abate ratably in proportion to their respective legacies."

In the codicil to the will is this provision : " I do hereby re voke so much of my foregoing will as positively enjoins upon my executors to deposit any fund or sum of money therein men-tioned with the Massachusetts Hospital Life Insurance Company, and give them a discretionary power in all cases to execute the several trusts committed to them, either by depositing the said trust fund with the said company, so that the said company shall undertake to execute the said trusts, or else to invest it in such securities as my said executors shall think most for the interest of those concerned, and take such other measures as they may think proper to secure the application of the said funds and the income thereof to the several persons and purposes for which the same are designed, according to the true intent and meaning of my said will."

On the 7th of August 1849, Mrs. Doane entered into articles of agreement with the defendant Hays, to which her husband assented in writing, by which, in consideration that Hays should effect a settlement of certain actions which had been commenced

against Hays on his indorsements of notes made by Bishop Doane, she agreed to transfer to Hays, on the 10th of January 1850, and upon that day in each year thereafter, all her right, title and interest in one thousand dollars, part of the yearly income to which she was entitled under said will, until such sum should have been paid as would amount to one half of such sum and costs as Hays should be required to pay upon such settlement, and interest upon the other half remaining each year after the payment of the one thousand dollars ; and to carry out the stipulations of this agreement, further agreed to give Hays, immediately upon the settlement of the suits, a power of attorney, authorizing him to receive from the executors the one thousand dollars yearly, together with the interest.   Under this agreement, Hays proceeded to settle these suits, and in effecting such settlement paid the sum of $20,818.   And Mrs. Doane, on the 30th of October 1849, executed a power of attorney to Hays, pursuant to the agreement.

The annuity of $6,000 was paid by the plaintiffs to Mrs. Doane personally or upon her separate order, by regular quarterly payments, until the 1st of October 1851.

About the 10th of January 1850, Hays received from Bishop Doane the sum of $1,000 as and for the payment stipulated for by said agreement ; but he has not received any thing on account of the payment which became due on the 1st of January 1851.   In August 1851, Hays notified the plaintiffs of the existence of the agreement and power of attorney, and on the 1st of October 1851, demanded payment of $250 out of the quarterly payment on that day falling due to Mrs. Doane by the terms of the will and codicil.

On the same day Edward N. Perkins presented to the plaintiffs an order of that date, signed by Mrs. Doane, requesting them to pay to the order of Bishop Doane, " fifteen hundred dollars, being a quarterly payment of my annuity under the said will, due this day," and indorsed by Bishop Doane to said Perkins.   The consideration for the delivery of this order to said Perkins was the sum of $1,500 paid and advanced by him to the personal use of Mrs. Doane, upon the faith of this order.

The plaintiffs declined paying, either to Hays or Perkins, the sums claimed by them respectively, and on the fifth of January 1852 filed this bill. Hays and E. N. Perkins appeared and filed answers. The other defendants suffered the bill to be taken for confessed. It is agreed that the court may cause such decree to be entered as it shall deem agreeable to equity and good conscience.

*C. G. Ripley*, for the plaintiffs.

*P. W. Chandler & S. G. Wheeler, Jr.* for Hays.

*J. L. English*, for E. N. Perkins.

THOMAS, J. The learned counsel have discussed with acumen and affluence of learning the questions, how far a feme covert is vested with the power of a feme sole as to her separate estate; how far she can alienate such estate by anticipation; whether she may alienate in part as well as the whole; for the benefit of the husband as well as third persons; without the assent of the trustees, as well as with it; and whether such power of alienation must be given in express terms, or may be assumed to exist unless denied or restrained by express negative declaration in the will or deed of trust.

We have paused at the threshold of this interesting discussion, being satisfied, upon examination of the will of Mr. Perkins, that this alienation by Mrs. Doane clearly exceeds any power of disposition given by the will, and tends directly to defeat the clearly expressed purpose and intention of the testator.

The testator intended this sum of six thousand dollars for the use and support of his wife during her life, and of his children during their minority. The enjoyment of this income by her, without deduction or diminution from any cause whatever, may be said to be the paramount object and purpose of the will, to which all other objects and purposes are made subordinate. It is clear, also, that the testator anticipated and anxiously provided for a state of things in which his widow might become incapable of receiving and using the money; and in such event, and in failure of the appointment of any legal guardian, he has made it the duty of his executors and trustees, or the survivors

or surviver of them, themselves to apply this sum to the support and maintenance of his wife, and the support and education of his children during their minority.

It seems to us equally plain that the power of alienation by anticipation is inconsistent with, and would tend directly to defeat this main object and purpose of the will. The power is not given in terms. A power may be implied to effect the purposes of the testator, but not to defeat them.

To say that, because it is her separate estate, she has the power of alienation by anticipation, is to assume the question. It is only her estate subject to the limitations and restraints imposed by the will. It is separate in this view, clearly, that it was intended for her use and support, and not to pay the debts of others. Her right is to receive quarter-yearly, without any deduction whatever, the sum of fifteen hundred dollars, or, in case of inability to receive it herself or upon her order, from sickness or any other cause, to have it applied to her support and maintenance.

By the assignment to the defendant Hays, if it were valid, she would alienate one sixth of her income, for a period of about fifteen years. If she may so alienate a part, she may alienate the whole ; for it is a question of her power, and not of the discreet exercise of that power.

If she has the power to alienate by anticipation, it is a power she can exercise without the assent of the trustees, for neither the will nor the law has given them any discretion in the matter.

If this alienation were made, and the event anticipated and provided for in the will were to occur, the duty of the executors or surviving executors to apply the annuity to her support would still remain, and must be discharged, or the main object and purpose of the trust be defeated.

Upon this view of the will itself, and its manifest object and purpose, we are all of opinion that the assignment by Mrs. Doane to Hays clearly exceeded the power given to her by the will of Mr. Perkins, and is not binding upon the surviving executors.

With relation to the order given to the other defendant, no serious question is made. It bears date the 1st of October 1851, and

is her personal order for the amount then due. The considera‐ tion for it was that amount of money paid to Mrs. Doane for her separate use.

*Assignment to Hays declared void; and quarter's annuity payable on the 1st of October 1851 ordered to be paid to E. N. Perkins*